■ In the Matter of NASSAU SUFFOLK RADIOLOGICAL ASSOCIATES, P. C., et al., Appellants, v ROBERT I. TUGENDHAFT, Respondent. [654 NYS2d 313] —In a proceeding pursuant to CPLR article 75 to permanently stay arbitration, the petitioners appeal from an order of the Supreme Court, Nassau County (Alpert, J.), entered June 19, 1996, which dismissed the petition.

Ordered that the order is reversed, on the law, with costs, and the petition is granted.

CPLR 7502 (b) provides that "If, at the time that a demand for arbitration was made * * * the claim sought to be arbitrated would have been barred by limitation of time had it been asserted in a court of the state, a party may assert the limitation as a bar to arbitration on an application to the court [to stay arbitration]".

In determining whether an arbitration claim is barred by a Statute of Limitations, there is a certain flexibility.

"If * * * several alternative theories can reasonably or perhaps only colorably be cited in support of the claim, and any of them carries a limitation period still alive, the courts should sustain the claim as timely, at least to the extent of sending the whole case off to arbitration and let the arbitration take it from there, including the timeliness question" (Siegel, NY Prac § 590, at 947 [2d ed]; *Matter of Paver & Wildfoerster [Catholic High School Assn.]*, 38 NY2d 669, 678).

Here, however, under no view of the facts alleged has the respondent stated a cause of action to recover damages for fraud or breach of fiduciary duty. At most, the respondent has asserted a cause of action to recover damages for breach of contract, and such a cause of action is barred by the Statute of Limitations. Accordingly, the petitioners are entitled to a permanent stay of arbitration. Mangano, P. J., Rosenblatt, Copertino and Krausman, JJ., concur.